**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00038-MSK-MEH

ULTEGRA FINANCIAL PARTNERS, INC.

    Plaintiff,

v.

PAUL MARZOLF, an individual,
MARZOLF HOLDINGS I LLC, a Delaware limited liability company, and
3620 AUSTIN PEAY LLC, a Tennessee limited liability company,

    Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference was held at 3:00 p.m. on March 15, 2019. Plaintiff, Ultegra Financial Partners, Inc. ("Ultegra"), was represented by T. Edward Williams of Peyrot & Associates 62 William Street, 8th Floor New York, New York 10005. Defendants Paul Marzolf, Marzolf Holdings I LLC, and 3620 Austin Peay LLC (collectively "Marzolf") were represented by William H. Zimmerling, Esq. 3200 Cherry Creek South Drive, Suite 650 Denver, CO 80209.

**2. STATEMENT OF JURISDICTION**

**Plaintiff**: Jurisdiction in this Court is premised on the complete diversity between the parties. Plaintiff is a Colorado Corporation and Defendants are citizens of Washington, Tennessee, and Delaware.

**Defendants' Joint Statement**: This Court has jurisdiction to determine if this matter is to be submitted to arbitration.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**: Ultegra Financial Partners, Inc. lends to small and medium-sized businesses in Colorado and across the country. In early September 2018, Defendants, Paul Marzolf, Austin Peay, LLC and Marzolf Holdings I, LLC (collectively, "Defendants") sought a $13.3 million-dollar loan (the "Loan") from Ultegra to fund the purchase of 174 apartment units in Tennessee (the "Property"). The parties formalized the loans through several documents, including the Term Sheet, the Commitment Letter, and the Fee Agreement. Paul Marzolf executed these documents for himself and for his various entities. In addition, Paul Marzolf guaranteed his obligations and the obligations of his entities under the various agreements.

Ultegra required a down payment of approximately $3 million to close the Loan. Defendants represented they would come up with the down payment at or near the time of closing. The parties scheduled closing for September 28, 2018. On September 27, 2018, Ultegra inquired if Defendants had the down payment needed to close the Loan; Defendants represented that they had the down payment. On the day of closing, Ultegra requested the down payment, but Defendants did not make the down payment. Instead, Defendants had an individual call from Australia who stated he would pay the down payment on Defendants' behalf. However, despite multiple requests, Ultegra never received the down payment from Defendants, and, as a result, the Loan did not close.

At all relevant times, Ultegra was ready willing and able to perform its obligations under the terms of all agreements with Ultegra. Defendants breached their obligations under the

agreements with Ultegra, and Ultegra suffered substantial damages, including lost profits of $620,000.00; $60,000.00 in due diligence fee; more than $22,000.00 in attorney fees and costs; and other damages.

b.      **Defendants**: Counterclaims Against Plaintiff Ultegra Financial Partners, Inc: Defendant Marzolf Holdings I LLC alleges breach of contract and unjust enrichment for all sums paid to Plaintiff.

Defendant Marzolf Holdings alleges damages for the opportunity loss to purchase a portfolio of residential properties and loss of funds that had been invested in the transaction, both of which are due to the actions and inactions of the Plaintiff.

All Defendants claim for their attorney fees pursuant to C.R.S.A. § 13-17-102 because Plaintiff's claims in order to reach the jurisdictional requirement in excess of $75,000.00 under 28 U.S.C. § 1332(a) are frivolous and groundless.

With respect to Plaintiff's claims against the Defendants, Defendants dispute those allegations and the allegations regarding the down payment and how it would be funded.

With respect to defenses that may be asserted by Defendants, these include a failure to state a claim for which relief can be granted; for example, Plaintiff is claiming loan fees from Defendants on a loan transaction that never was consummated. The Plaintiff failed to mitigate its damages, if any, it claims from the Defendants.  The Plaintiff has not suffered any damages. Plaintiff materially breached its agreement with Defendant Marzolf Holdings by not supplying the necessary loan closing documents in a timely fashion and before the underlying transaction's deadline, and as a result cannot enforce any agreement between the parties. It was impossible for Defendant Marzolf Holdings to close on the loan transaction because Plaintiff never delivered the necessary loan closing documents by the transaction's deadline and frustrated the loan transaction

that was to fund the purchase of a portfolio of residential homes.  The Plaintiff should be estopped from asserting claims against the Defendants and enforcing the terms of any contract between the parties because Plaintiff failed to meet the funding deadline and failed to provide the necessary closing documents.  Plaintiff failed to perform the conditions precedent for any Banking Fees to be earned by Plaintiff.   Plaintiff's claims are subject to setoff.  Plaintiff's claims are frivolous and groundless pursuant to C.R.S.A. § 13-17-102.

## 4. UNDISPUTED FACTS

Because Defendants have not filed an Answer, the parties have not reached agreement on undisputed facts.

## 5. COMPUTATION OF DAMAGES

**Plaintiff**:

As discovery is just commencing, Ultegra is unaware of the full extent of the damage caused by Defendants.  Accordingly, Ultegra has not yet calculated all aspects of its damages at issue in this case.  However, Ultegra will seek an award of damages against Defendants in an amount adequate to compensate it for all compensatory damages, loss profits; reasonable attorney fees, pre-judgment and post judgment interest, and any other legal or equitable relief that the Court deems just and proper.  Additionally, Ultegra will seek an additional sum on account of the willful, wanton and intentional disregard for the right of Ultegra, as well as, where applicable by statute, double or treble damages.

**Defendant Marzolf Holdings:**

Breach of Contract and Unjust Enrichment; damages in the amount of $20,000.00 for funds paid to Plaintiff, plus interest and court costs; and lost deposits of $50,000.00 on the underlying

purchase of and expected profits on the purchase of the portfolio of residential homes in excess of $1,000,000.

**All Defendants:**

    Violation of C.R.S.A. § 13-17-102 by Plaintiff; damages to include attorney fees.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.     The parties held the Rule 26(f) conference meeting on March 4, 2019 and discussed aspects of disclosure, discovery, and settlement. Based on the Conference, Plaintiff submitted an offer of settlement to Defendants. Defendants have until Thursday, March 14, 2018, to respond to that offer of settlement.

b.     Plaintiff:  Ultegra Financial Partners, Inc. made its initial disclosures on **March 7, 2019**.

    Defendants:  Defendants will make their initial disclosures on or before **March 18, 2019**.

c.     Statement concerning any agreements to conduct informal discovery:

    The parties have not agreed to conduct informal discovery at this time.

d.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of unified exhibit numbering system:

    The parties will confer on a proposed protective order before March 31, 2019. The parties have agreed to the use of a unified exhibit numbering system for depositions.

e.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

    Ultegra Financial Partners have instituted a Litigation Hold to appropriate custodians to preserve relevant electronic and hard copy documentation. Ultegra Financial Partners will propose (1) an ESI production protocol; and (2) a two-tier Protective Order which contains provisions to safeguard and maintain the confidentiality of commercially-sensitive information produced in the case, as well as provide for the "claw back" of inadvertently-

5

produced information protected from disclosure under the attorney work product and/or attorney-client privilege.

Defendants: Defendants do not believe there will be a need for extensive discovery of electronic documentation and that discovery will be limited to electronic email.

f. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

**Plaintiff's Position**: As indicated above, the parties discussed settlement extensively. In light of that settlement discussion, Ultegra proposed an offer of settlement that Defendants are now considering.

**Defendants' Position**: Until Plaintiff makes full disclosure of the attorney fees incurred to date and any out of pockets expense funded by Plaintiff in due diligence, Defendants are not able to respond properly to Plaintiff's offer of settlement. There are a number of disclosure documents that have been requested by Defendants and not been disclosed by Plaintiff; for example, all documents that were prepared for the Loan Transaction.

## 7. CONSENT

All parties *__have not__* consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. The parties have not proposed any modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules of Civil Procedure. Defendants propose that each side by limited by the Federal Rules of Civil Procedure such that Plaintiff is not allowed to conduct discovery individually on each Defendant to the full extent of the Rules. **Court: Each side may have 50**

**interrogatories, 30 requests for production of documents, and no limit on requests for admission.**

b. The parties will follow the Federal Rules of Civil Procedure with respect to limitations upon the length of depositions.

1. The parties will file a proposed Stipulated Protective Order.
2. The parties shall comply with D.C.COLO.LCivR 7.1A and other applicable Practice Standards.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:
April 15, 2018.

b. Discovery Cut-off:     September 30, 2019

c. Dispositive Motion Deadline:   October 31, 2019

d. Expert Witness Disclosure

1. The parties anticipate that expert witnesses may testify regarding the following fields:

   Plaintiff: Maximum two experts

   Defendants: None at this time, but may designate in response to Plaintiff's designation.

2. Limitations which the parties propose on the use or number of expert witnesses. Each party is permitted up to four (4) expert witnesses. Defendants disagree with this number of experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 1, 2019.

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 1, 2019.

   e.    Identification of Persons to Be Deposed:

Plaintiff:  Ultegra anticipates, at this early stage in litigation, that it will depose for up to seven (7) hours each named Defendant including 30(b)(6) depositions.

Defendants: Muhammed Howard, CEO of Plaintiff

        30(b)(6) Deponent for Plaintiff

   f.    Deadline for Interrogatories:

        33 days prior to discovery cut-off

   g.    Deadline for Requests for Production of Documents and/or Admissions

        33 days prior to discovery cut-off

## 10. DATES FOR FURTHER CONFERENCE

   a.    Status conferences will be held in this case at the following dates and times:

        _____.

   b.    A final pretrial conference will be held in this case by Judge Krieger.

## 11.  OTHER SCHEDULING MATTERS

   a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   b.  Plaintiff: Trial to a jury is anticipated to require five (5) days.
        Defendants: Trial to the court for 4 days.

   c.    No present request is being made to conduct appropriate pretrial proceedings in the Court's facilities in Colorado Springs, Grand Junction or Durango, Colorado.

### 12. NOTICE TO COUNSEL

The parties' filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of March, 2019.

BY THE COURT:

S/Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

Approved by:

/s/ T. Edward Williams, Esq.
T. Edward Williams, Esq.
Peyrot & Associates, P.C.
Tel: 646.650.2785
Direct: 646.650.5139
Fax: 646.650.5109
E-mail: Edward.williams@peyrotlaw.com
62 William Street, 8th Floor
New York New York 10005