IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 19-cv-00038-MSK-MEH

**ULTEGRA FINANCIAL PARTNERS, INC.,**

    Plaintiff,

v.

**PAUL MARZOLF,**
**MARZOLF HOLDINGS I, LLC, and**
**AUSTIN PEAY, LLC,**

    Defendants.

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION**

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Compel Arbitration **(# 8)**, the Plaintiff's ("Ultegra") response **(# 10)**, and the Defendants' reply **(# 11)**.

The facts of this action, as alleged in the Complaint **(# 1)** are straightforward. In September 2018, seeking funds to complete a real estate transaction, the Defendants contacted Ultegra about loaning more than $13 million Marzolf. The parties allegedly entered into an agreement ("the fee agreement") that called for the Defendants to pay certain fees to Ultegra at certain points in time. Although the Defendants represented – falsely, Ultegra contends – that they had the wherewithal to pay those fees and complete the agreement, many of the fees went unpaid. Ultimately, Ultegra informed the Defendants that it was prepared to close on the loan and requested that the Defendants make a $5 million down payment as reflected in the parties' agreement. The Defendants were unable to make the payment, and the deal fell through. Ultegra now seeks payment of the various fees due and owing under the terms of the parties'

1

agreement, asserting claims (presumably under Colorado law) sounding in breach of contract, promissory estoppel, and negligent misrepresentation against all Defendants, and a claim against Mr. Marzolf personally for breaching a guarantee agreement relating to the deal.

The Defendants now move (**# 8**) to compel Ultegra to resolve its claims through arbitration, in accordance with a term in the parties' fee agreement requiring arbitration. Ultegra opposes the motion on the grounds that the Defendants have taken the position that no enforceable agreements exist between them. Ultegra concedes that it would not oppose arbitration upon a concession by the Defendants that they are parties to and executed the fee agreement.[1] In reply, the Defendants concede that Defendant Marzolf Holdings I, LLC ("Holdings") executed the fee agreement, but the Court understands that the remaining Defendants maintain that they never entered into nor are bound by the fee agreement.

Based on the parties' positions, the Court grants the motion as to Holdings. Holdings concedes that it entered into an agreement with Ultegra that contains an arbitration agreement and that both Ultegra and Holdings agree that the arbitration provision is binding. Thus, Ultegra's claims against Holdings are: 1) severed from the remaining claims in this action; and 2) stayed pending the completion of the arbitration.

As to the claims against Mr. Marzolf and against Defendant Austin Peay, LLC, these Defendants have not shown that they are parties to the fee agreement with standing to enforce the arbitration provision. Although the fee agreement recites that they are contracting parties, neither Mr. Marzolf nor Austin Peay signed the signature page of the agreement, and the agreement does not appear to contemplate that they would. Under Colorado law, which the

---

[1] Ultegra also argues that Marzolf's motion should be denied because Marzolf failed to confer in advance of filing it, as required by D.C. Colo. L. Civ. R. 7.1(a). The Court declines to deny the motion on this ground.

Court assumes applies to this action (the parties having not identified any other jurisdiction's law as controlling), the Defendants must establish that the fee agreement binds them before the Court will compel the claims against them to arbitration. *See generally Bellman v. i3Carbon, LLC*, 563 Fed.Appx. 608, 613-14 (10th Cir. 2014). Mr. Marzolf and Austin Peay's briefing makes clear that they "will not admit that they executed agreements with the Plaintiff (because they did not)." The Defendants' contention that they are not bound by the fee agreement generally thus prevents them from availing themselves of the arbitration provisions in it. Accordingly, the Court denies the motion to compel Ultegra to arbitrate its claims against Mr. Marzolf and Austin Peay.

For the foregoing reasons, the Defendants' Motion to Compel Arbitration **(# 8)** is **GRANTED IN PART AND DENIED IN PART**. Ultegra's claims against Holdings are severed from the remaining claims in this action and Ultegra and Holdings shall proceed to arbitrate those claims in accordance with the terms of their agreement. The Defendants' motion is denied as to the claims asserted against Mr. Marzolf and Austin Peay, and those claims will proceed in this action.

Dated this 4th day of June, 2019.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge