## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No:        19-cv-00038-MSK-MEH

ULTEGRA FINANCIAL PARTNERS, INC.,

Plaintiff,

v.

PAUL MARZOLF, and
3620 AUSTIN PEAY, LLC,

Defendants.

---

## DEFENDANT PAUL MARZOLF'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS OF NEGLIGENT MISREPRESENTATION AND BREACH OF GUARANTEE

---

**COMES NOW** Defendant Paul Marzolf, who moves for summary judgment on the

Third Cause of Action for Negligent Misrepresentation and Fourth Cause of Action for Breach of

Guarantee against Paul Marzolf in the Complaint **(1)** pursuant to Fed. R. Civ. P. 56.

## CLAIMS UPON WHICH JUDGMENT IS SOUGHT

A. Defendant Marzolf is entitled to Summary Judgment on the Third Cause of Action for
   Negligent Misrepresentation

1. Burden of Proof and Elements

   The Plaintiff's claim of negligent misrepresentation requires that Plaintiff show by a

preponderance of the evidence that Mr. Marzolf supplied false information and that Plaintiff

suffered a pecuniary loss caused by its justifiable reliance on that false information.  Branscum v.

Am. Cmty. Mut. Ins. Co., 984 P.2d 675, 679 (Colo.App.1999).   Plaintiff's claim of negligent

1

misrepresentation requires a showing of justifiable reliance. <u>Balkind v. Telluride Mountain Title</u> <u>Co</u>., 8 P.3d 581, 587 (Colo.App.2000).

    2.   <u>Elements that cannot be proven by Plaintiff</u>

<u>Defendant Marzolf did not supply false information.</u>  Plaintiff claims that Mr. Marzolf supplied false information to it, specifically that there would be a $5 million dollar down payment (Complaint [**1**] at Introduction) and "…Defendants had no ability to come up with the down payment to allow the Loan to move forward." Complaint [1] ¶63

      Plaintiff's allegation that Mr. Marzolf represented that there would be a $5 million dollar down payment is unsubstantiated; Plaintiff has not produced any documentation that such a cash down payment was promised, directly or indirectly, by Mr. Marzolf.  There is no evidence in the record to support Plaintiff's allegation and the documentary evidence contradicts this unsubstantiated allegation.  The documentary evidence shows that the equity in real estate owned by 3620 Austin Peay was to serve as the down payment for the transaction.  This is reflected in Plaintiff's Due Diligence Documents, attached as **Exhibit A**, where it clearly states:

The 20% down payment is to be facilitated through monies obtained in Transaction 2) The sale of a commercial property located at 3620 Austin Peay, Memphis, TN 38129 by seller (3620 Austin Peay LLC-Paul Marzolf) to buyer (Minuteman Investors Inc. - Charles Reisinger) for $5.9MM. Closing is scheduled for September 28th, 2018. Transaction 2 is contingent upon successful sale and funding of Transaction 1.

      There is nothing regarding a promise or expectation of a $5 million cash down payment from Mr. Marzolf or any other entity in the Due Diligence Documents, it is clear in the Due Diligence Documents that any down payment is coming from the sale of the property located at 3620 Austin Peay.

The Term Sheet from Plaintiff to Marzolf Holdings I LLC, attached as **Exhibit B**, specifically states under the section labeled Additional Considerations that the sale of 3620 Austin Peay "will be needed to complete the transaction as presented":

The bridge facility is subject to the sale of real property located at 3620 Austin Peay, Memphis, TN 38128. The proceeds of this sale will be needed to complete the transaction as presented. Ultegra has agreed to allow the seller of the Target properties to accept the real property located at 3620 Austin Peay, Memphis, TN 38128 as eligible equity into the transition.
Exhibit B p. 3

There is no genuine issue regarding a material fact regarding the down payment and how it was to be funded, it was to come from the sale of 3620 Austin Peay.  Plaintiff cannot demonstrate a triable issue of fact that Mr. Marzolf represented the $5 million dollar down payment was to be a cash down payment and not to be funded by the sale of 3620 Austin Peay.

Plaintiff cannot show it justifiably relied on any alleged misrepresentation.  Plaintiff's alleged reliance on a $5 million dollar cash down payment was not justified.  If Plaintiff was actually relying on a representation that there would be a $5 million dollar cash down payment then Plaintiff could have simply asked for a proof of funds from the borrower or Mr. Marzolf, Plaintiff did not. If Plaintiff was in fact relying on a $5 million cash down payment it would have included that requirement in the Term Sheet, it did not.  As shown above, the Term Sheet and the Due Diligence Documents both specifically state the down payment is coming from the sale of 3620 Austin Peay.

Plaintiff was not justified to rely on an alleged representation of a $5 million dollar cash down payment by Mr. Marzolf; Plaintiff did not attempt to or confirm that there was $5 million in cash available to Marzolf Holdings I LLC for the transaction.  Plaintiff failed to include the requirement of a $5 million dollar cash down payment in the Term Sheet.

Plaintiff's claim of negligent misrepresentation against Mr. Marzolf should be dismissed because Plaintiff cannot prove the essential elements:

• Plaintiff has produced no documentary evidence that Mr. Marzolf supplied false information and there is no evidence in the record to support Plaintiff's allegation.

• The allegation that Mr. Marzolf represented that there would be a $5 million dollar cash down payment is contradicted by the language in Plaintiff's Term Sheet and by the Due Diligence Documents.

• Any reliance by Plaintiff as to the representation of a $5 million cash down payment was not justified as Plaintiff did not attempt to obtain a proof of funds or even include that requirement in the Term Sheet.

   B.  Defendant Marzolf is entitled to Summary Judgment on Fourth Cause of Action for
       Breach of Guarantee

   1.  <u>Burden of Proof and Elements</u>

       The Plaintiff's claim of Breach of Guarantee requires that Plaintiff show by a preponderance of the evidence that Mr. Marzolf guaranteed the obligations of Marzolf Holdings or 3620 Austin Peay LLC, and that this guarantee was in writing, and that Mr. Marzolf signed such a writing.  C.R.S.A. § 38-10-112 Void agreements.

   2.  <u>Elements that cannot be proven by Plaintiff</u>

<u>Paul Marzolf did not sign a written guarantee for any financial undertaking by Marzolf Holdings I LLC or 3620 Austin Peay LLC in favor of Plaintiff</u>.  In its Complaint [**1**], Plaintiff alleges that "Paul Marzolf guaranteed the performance of obligations owed to Ultegra by Marzolf Holdings and by Austin Peay, LLC" ¶68 and that "Marzolf guaranteed Marzolf Holdings and Austin Peay, LLC's financial obligations under the agreements with Ultegra." ¶69.  There is no allegation in the Complaint as to a written guarantee agreement in favor of Plaintiff and signed by Mr.

Marzolf.  There is no disclosure by Plaintiff of a written guarantee signed by Mr. Marzolf in favor of Plaintiff.

Mr. Marzolf never signed a written guarantee regarding the debt or default of Marzolf Holdings I LLC or 3620 Austin Peay LLC in favor of Plaintiff.

The plain language of C.R.S.A. § 38-10-112 states "…every agreement shall be void, unless such agreement or some note or memorandum thereof is in writing and subscribed by the party charged … Every special promise to answer for the debt, default, or miscarriage of another person."

Without Plaintiff being able to produce a writing signed or "subscribed" by Mr. Marzolf that meets the requirements of C.R.S.A. § 38-10-112, Plaintiff's claim of breach of guarantee is barred by Colorado law and should be dismissed.

## CONCLUSION

Because the Plaintiff's evidence, viewed in the light most favorable to it, is insufficient to establish all of the elements of its claim of Negligent Misrepresentation, and Plaintiff's claim of Breach of Guarantee is barred by Colorado law without a signed written agreement by Mr. Marzolf, the Defendant Paul Marzolf is entitled to summary judgment on both claims. Respectfully submitted this 13th day of August, 2019.

By: /s/William Hadden Zimmerling
William H. Zimmerling
Colorado Registration Number 42018
3200 Cherry Creek S. Drive, Suite 650
Denver Colorado 80209
(303) 350-1060/ (303) 484-6195 (fax)
whz@whz-law.com
*Attorney for Defendant Paul Marzolf*

**Certificate of Filing and Service**

I hereby certify that the foregoing document was filed electronically using this Court's CM/ECF system on August 13, 2019 with a copy to counsel for Plaintiff: T. Edward Williams, Peyrot & Associates, PC, 62 William Street, 8th Floor, New York, New York 10005 and edward.williams@peyrotlaw.com.

By: /s/ Peggy Quines
Peggy Quines