IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00038-MSK-MEH

ULTEGRA FINANCIAL PARTNERS, INC.,

    Plaintiff,

v.

PAUL MARZOLF,
MARZOLF HOLDING COMPANY I, LLC, and
3620 AUSTIN PEAY, LLC,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is an "Affidavit"[1] of T. Edward Williams, Esq. in Support of Motion for [Sanctions]. ECF 63. Defendant Paul Marzolf filed a timely response[2] and Mr. Williams filed a reply in support of the motion. ECF 71, 72. The Court finds that Mr. Williams' request for a fee award of $4,505.00 is unreasonable, but the Court will award him fees in the amount of $1,700.00.

On November 26, 2019, the Court granted in part and denied in part Plaintiff's Motion for Sanctions under Rule 37(a)(3)(B)(ii) and instructed Mr. Williams to file an affidavit describing his reasonable attorney's fees incurred in preparing and filing the Plaintiff's motion and reply brief, and

---

[1] The document is actually a "declaration" signed under oath "pursuant to 28 U.S.C. § 1746." While it is not signed "under penalty of perjury," Mr. Williams, an officer of the court, states he was "first duly sworn on oath . . . pursuant to 28 U.S.C. § 1746." The Court finds this substantially complies with 28 U.S.C. § 1746 and will accept Mr. Williams' representations in the declaration. *See Lyall v. City of Denver*, No. 16-cv-02155-WJM, 2018 WL 1470197, at *6 (D. Colo. Mar. 26, 2018).

[2] *See* Courtroom Minutes, ECF 68. Mr. Williams complains at the outset that Mr. Marzolf's "response is late." Not only is Mr. Williams incorrect, but also he filed his declaration fifteen days after the Court's deadline of December 9, 2019. Order 3, ECF 58.

directed Defendant Marzolf Holding Company I, LLC to file any objection as to reasonableness of the fees within fourteen days after the affidavit was served. Order, ECF 58. Mr. William filed the present declaration containing all information required by D.C. Colo. LCivR 54.3. The Court finds that the rate charged by Mr. Williams is reasonable, but the number of hours is not.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts in this district have applied *Hensley* when determining the reasonableness of attorney's fees awarded as sanctions. *See Rhein v. McCoy*, No. 09-cv-02386-REB, 2011 WL 4345872, at *6–*7 (D. Colo. Sept. 16, 2011); *Hanner v. Wal-Mart Stores, Inc.*, No. 11-cv-00824-WYD-KLM, 2012 WL 1415004, at *1–*2 (D. Colo. Apr. 24, 2012).

> "[T]o determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations omitted). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* (quotation omitted). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).
>
> Once the court has adequate time records before it, "it must then ensure that the winning attorneys have exercised 'billing judgment.'" *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 553 (10th Cir. 1983). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id.* "Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable." *Id.* (citing *Ramos*, 713 F.2d at 553–54) (giving as an example time spent doing background research); *Hensley*, 461 U.S. at 434, 437 (expecting counsel to exercise their "billing judgment", "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary").

*Farmer v. Banco Popular of N. Am.*, No. 11-cv-01268-WYD, 2014 WL 4627705, at *4–*5 (D. Colo.

Sept. 16, 2014), *aff'd as modified*, 791 F.3d 1246 (10th Cir. 2015). The Court will begin with an analysis of the hours expended, then proceed to the hourly rate.

**I.      Were the Hours Expended Reasonable?**

Mr. Williams seeks an award of his fees based on 10.6 hours to prepare the motion for sanctions and reply brief. The Court finds that Mr. Williams' time expended on the motion for sanctions—totaling three pages in length and citing one case—and on the reply in support of the motion—totaling two pages in length and citing no case law—is excessive and unreasonable. *See White v. Chafin*, No. 13-cv-01761-CMA, 2016 WL 9735066, at *2 (D. Colo. Sept. 23, 2016) (finding that where a party's effort to exclude from a fee request hours that are excessive "appears 'inadequate, the district court may reduce the award accordingly.'") (quoting *Hensley*, 461 U.S. at 433). The sole issue to be adjudicated was whether Defendant Marzolf Holding Company failed to adequately prepare for its Rule 30(b)(6) deposition. Plaintiff cited only one rule and one case; the issue was in no way complex or novel. In fact, the Court's order resolving this issue was only a little more than two pages in length.

Moreover, Mr. Williams attests that he has been practicing "complex commercial litigation" for ten years; an attorney with Mr. Williams' experience would not reasonably expend more than a total of four hours researching, discussing, and drafting the motion and reply brief. Under these circumstances and in its discretion, the Court finds reasonable a total of four hours within which to prepare and draft the motion and reply brief.

**II.     Is the Attorney's Hourly Rate Reasonable?**

With regard to his requested fee rate, Mr. Williams attests: "[e]ach year, I review and retain third parties to provide me marketing information on the hourly rates of sole practitioners who maintain complex civil litigation practices in Denver and in New York. My currently hourly rate is

at least $250.00 below the market rate in New York City and Denver for attorney with similar experience and comparable skillset." Aff. ¶ 3. The Court finds this statement insufficient to provide the Court with prevailing market rates to determine whether the fee rates at issue here are reasonable. *Tolman v. Stellar Recovery, Inc.*, No. 15-cv-01667-CMA, 2016 WL 4717982, at *1 (D. Colo. Sept. 6, 2016) ("A movant should present satisfactory evidence, in addition to the attorney's own affidavit, that the rate is reasonable and consistent with those in the community.") (citing *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002)). Mr. Marzolf, however, provides the Court a link to the Colorado Bar Association's (CBA) "2017 Economics of Law Practice Survey," which contains the CBA's findings of a survey conducted in 2016 of the Most Common Hourly Billing Rates by Primary Practice Area for lawyers licensed in Colorado. *See* http://www.cobar.org/portals/COBAR/repository/2017EconomicSurvey.pdf. The CBA found that a lawyer whose primary practice area was "business–commercial litigation" charged between $235-$473 per hour in 2016. *Id.* at 36. Mr. Marzolf argues that, based on the survey, Mr. Williams' hourly rate of $425 is excessive. The Court disagrees.

First, Mr. Williams' rate is at the higher end of the range provided in the survey, but it is not significantly higher. Second, the survey reflects hourly rates from three years ago; no party disputes that in the current climate and economy, attorneys' hourly rates in Colorado were likely higher in 2019. Further, no party disputes that Mr. Williams practices in both Colorado and New York, and that his principal place of business is in New York City where attorneys' hourly rates are generally higher than those in Colorado.

Finally, in *Guides, Ltd.*, the Tenth Circuit advises that "[w]here a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Id.* at 1079 (citing *Case v. Unified Sch. Dist.*

4

*No. 233*, 157 F.3d 1243 (10th Cir. 1998)). On August 11, 2015, this Court issued an order accepting the hourly rate of a plaintiff's employment lawyer (small firm) stating: "Although I express no opinion on whether $400 per hour as an abstract matter is reasonable, his experience level is commensurate with other attorneys in this District who are receiving this or even a greater hourly rate." *Ali v. Jerusalem Rest., Inc.*, No. 14-cv-00933-MEH, 2015 WL 4743153, at *2 (D. Colo. Aug. 11, 2015). Further, the Court notes the following decisions where the same or similar hourly rates were deemed reasonable. *See White*, 2016 WL 9735066, at *4 (approving rates of $500 per hour for lead counsel, $275–$450 per hour for co-counsel, and $150 per hour for paralegal); *Martinez v. Valdez*, 125 F. Supp. 3d 1190, 1212-13 (D. Colo. 2015) (approving rates of $300–$500 per hour for counsel and $150 per hour for paralegal); *Schlenker v. City of Arvada*, No. 09-cv-1189-WDM-KLM, 2010 WL 2843414, *2 (D. Colo. July 19, 2010) (approving rates of $400–$450 per hour for counsel and $110 per hour for paralegal); *Barnett v. Bd. of Cty. Comm'rs of Montrose*, No. 14-cv-01765-JAP-GPG, 2015 WL 13614118, *5 (D. Colo. Dec. 14, 2015) (approving rates of $400 per hour for lead counsel and $75 per hour for a paralegal after surveying recent District of Colorado cases that address contested hourly rates).

Considering the background, location, and experience of Mr. Williams, as stated in the affidavit, the Court finds the hourly rate of $425.00 to be reasonable for the tasks performed and under the circumstances presented in this case.

### III.   Conclusion

In accordance with its November 26, 2019 order awarding Plaintiff its "reasonable attorney's fees" for filing the motion for sanctions and reply brief, the Court finds reasonable and will award $1,700.00 (4 hours x $425) to the Plaintiff for Mr. Williams' preparation of the motion and reply.

The Court further finds that the award shall be made against Defendant Marzolf Holding

Company I, LLC, which, according to Plaintiff, was responsible for the conduct found to be sanctionable in this case. *See* ECF 42.

THEREFORE, Defendant Marzolf Holding Company I, LLC, is sanctioned in the total amount of $1,700.00, to be paid to counsel for Plaintiff as a reasonable award of attorney's fees for Defendant's conduct in violation of Fed. R. Civ. P. 37(a)(3)(B). *See* ECF 58. Within thirty days of the date of this order, Defendant shall make the payment and file a Notice of Compliance with the Court.

SO ORDERED.

Entered and dated at Denver, Colorado, this 3rd day of March, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge