IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Civil Action No. 19-cv-00038-MSK-MEH

**ULTEGRA FINANCIAL PARTNERS, INC.,**

    Plaintiff,

v.

**PAUL MARZOLF,**
**MARZOLF HOLDINGS I, LLC, and**
**AUSTIN PEAY, LLC,**

    Defendants.

---

**OPINION AND ORDER DISMISSING CLAIMS**

---

**THIS MATTER** comes before the Court *sua sponte*.

By Order dated February 27, 2020 **(# 75)**, this Court denied certain dispositive motions and observed that the case was set to proceed to trial. The Court directed the parties to "begin preparation of a Proposed Pretrial Order and [ ] jointly contact chambers to schedule a Pretrial Conference." More than a year passed since that Order and the parties have not filed a Proposed Pretrial Order nor scheduled a Pretrial Conference. Indeed, no meaningful action has been taken in this case since that date.

On August 25, 2021, the Court issued an Order To Show Cause **(# 79)** reciting the above facts and directing the Plaintiff to show cause why this action should not be dismissed for failure to prosecute. On September 1, 2021, the Plaintiff's counsel filed a response **(# 80)**, explaining that: (i) the Plaintiff believed that the "global health pandemic" and General Orders 2021-1 through 2021-10 operated to relive the Plaintiff from the obligation to comply with the Court's

1

February 2020 Order, and (ii) the Plaintiff's principal had not been in touch with counsel for more than a year. Counsel indicated a desire to withdraw **(# 81)** from the Plaintiff's representation and suggested that the Court wait an additional week before addressing the Order to Show Cause, in order to allow counsel to notify the Plaintiff's principal and to permit that principal to possibly file a response. Several additional weeks have passed and no further filings have occurred in the case.

When the Court considers sanctions for a party's failure to abide by court orders, it evaluates the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Those factors are: (i) the degree of prejudice to the opposing party; (ii) the degree of prejudice to the judicial system; (iii) the culpability of the litigant; (iv) whether the Court warned the party in advance of the possibility of dismissal; and (v) the efficacy of lesser sanctions. *Id.*

The Court finds that the Plaintiff's failure to continue to prosecute this case has a minor prejudice to the Defendants. The pendency of an stalled, unresolved lawsuit against a party certainly carries a degree of prejudice to that party, due to the uncertainty of future events and the need to continue to retain counsel and preserve records and evidence relating to the case. That case imposes a greater degree of prejudice to the judicial system, as the Court is required to monitor and address the case and attempt to move it forward, often against the plaintiff's own inertia, diverting judicial resources from other cases proceeding in the normal course of business.

The Court finds that the Plaintiff is entirely culpable for the delay in this case. The argument that the COVID pandemic prevented the Plaintiff from promptly complying with the Court's order is frivolous for several reasons. The Court's February 2020 Order predated the meaningful effects of the pandemic in the United States by several weeks and diligent compliance with the Court's Order could have been completed before the onset of the pandemic.

Moreover, at no time did any General Order of the Court purport to "close the court," vacate any deadlines, or otherwise suspend litigants' obligations in ongoing cases.  To the contrary, throughout the pandemic, the Court has continued to advance cases through written submissions and telephone and video hearings.  Thus, the Court finds that the Plaintiff has not demonstrated any good cause for failing to comply with the Court's prior order.  In any event, by the Plaintiff's counsel's own admission, the Plaintiff's principal has seemingly abandoned the case by failing to communicate with counsel, rendering all other justifications for the delay meaningless.  Thus, the Court finds that the Plaintiff is entirely culpable for the delay in pursuing this case.

The Court has not previously advised the Plaintiff of the possibility of dismissal of this case for failure to comply with court orders, but the Court finds that the abandonment of a case is an action that reflects a disregard of any court orders or advisements in any event.

Finally, the Court finds that no sanction short of dismissal could possibly be effective.  Counsel has indicated that the Plaintiff's principal is no longer in communication and has seemingly abandoned this case for an extended period of time.  No civil suit can proceed without the efforts of the plaintiff to press it forward.  It is certain that any lesser sanction would likewise be ignored by the Plaintiff, such that dismissal is the only possible – and indeed, inevitable – sanction.

Accordingly, the Plaintiff's remaining claims against Mr. Marzolf are **DISMISSED** with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 42(b).  The Court shall enter judgment in favor of Mr. Marzolf and, there being no claims remaining for adjudication, shall close this case.  The Court **GRANTS** the Plaintiff's counsel's Motion to Withdraw As Counsel

**(# 81)**, effective upon counsel sending a copy of this Order to the Mr. Muhammed, the Plaintiff's principal, at his last known address.

Dated this 23d day of September, 2021.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge

4